**Timothy LYKINS, Plaintiff,**

v.

**Shirley HATTON and United States Post Office, Defendants.**

**Civ. A. No. 94–312.**

United States District Court, E.D. Kentucky, Ashland.

April 13, 1995.

Vickie Howard, Salyersville, KY, for plaintiff.

Dell M. Littrell, U.S. Attorney's Office, Lexington, KY, for defendants.

Ralph T. McDermott, Ashland, KY, for Kentucky Farm Bureau Mut. Ins. Co.

## ORDER

WILHOIT, District Judge.

This matter is before the Court on Kentucky Farm Bureau Mutual Insurance Company's motion to intervene as a Plaintiff in this action [Record No. 3]. The United States Postal Service having responded to said motion, the issues are currently ripe for determination.

## I.

### FACTUAL BACKGROUND

On January 20, 1993, Defendant Shirley Hatton allegedly operated a motor vehicle negligently, recklessly and wantonly causing it to collide with a motor vehicle owned and operated by Plaintiff Timothy Lykins. At the time of the accident Shirley Hatton was acting within the course and scope of her employment as a rural mail carrier for the United States Postal Service. Plaintiff seeks damages for the destruction of his vehicle and for personal injuries from the named Defendants Hatton and the U.S. Postal Service under the Federal Tort Claims Act, 28 U.S.C. § 1346.

Kentucky Farm Bureau Mutual Insurance Company ("Kentucky Farm Bureau") seeks to file an Intervening Complaint in this action. As the basis of its motion, Kentucky Farm Bureau states it had in full force and effect at the time of the accident, an automobile liability insurance policy with the Plaintiff requiring Kentucky Farm Bureau to pay any lost wages or medical expenses incurred by its insured for accidental injury or death arising out of a motor vehicle collision. Kentucky Farm Bureau states that it has paid no fault benefits to the Plaintiff in the amount of $5,0770.12. Pursuant to K.R.S. 304.39–070(3), Kentucky Farm Bureau contends that it is permitted to join as a party in an action commenced by its insured and to recover those amounts from the basic reparation obligor of Defendant Shirley Hatton. Defendant United States Postal Service contends that the Court is without jurisdiction to hear the claims of Kentucky Farm Bureau due to the combined application of the Kentucky Motor Vehicle Reparations Act and the Federal Tort Claims Act.

## II.

### ANALYSIS

A. Federal Torts Claim Act, 28 U.S.C. § 1346

The doctrine of sovereign immunity prevents the federal government from being sued without its consent. *See Affiliated Ute Citizens of the State of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741, *reh. denied* 407 U.S. 916, 92 S.Ct. 2430, 32 L.Ed.2d 692 (1972). In 1946, Congress enacted the Federal Tort Claims Act which defines the conditions under which the United States consents to suit for the torts of its employees acting within the scope of their employment. 28 U.S.C. § 2674 sets forth this limited waiver of immunity as follows:

> The United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances....

28 U.S.C. § 1346(b) grants the federal district courts jurisdiction to hear claims:

> ... for personal injury.... caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In accordance with proper legislative interpretation, the Court is to give these provisions their plain meaning. *See Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Judicial restraint requires the Court to avoid liberal interpretation of federal or state law which might expand the above-stated waiver without Congressional approval. While the federal waiver and not state law is the Court's primary concern, the scope of the federal waiver is measured by assessing how Kentucky law would treat "a private individual in like circumstances." *See* 28 U.S.C. § 1346(b).

B. The Kentucky Motor Vehicle Reparations Act, K.R.S. 304.39

The beginning point for Kentucky Farm Bureau's claim is K.R.S. 304.39–070(2):

A reparation obligor which has paid or may become obligated to pay basic reparations benefits shall be subrogated to the extent of its obligations to all of the rights of the person suffering the injury against any person or organization other than a secured person.

Under the Kentucky Motor Vehicles Reparations Act ("MVRA") every person is entitled to basic reparation ("BRB") benefits unless specifically they are expressly rejected. K.R.S. 304.39–030. As a result, tort liability with respect to accidents occurring in the Commonwealth and arising from the ownership, maintenance or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to extent the BRB benefits are payable. K.R.S. 304.39–060. Because torts for amounts payable in BRB benefits have been abolished and because the FTCA is an action based in tort, the United States Postal Service argues that Kentucky Farm Bureau is without jurisdiction to seek reimbursement of BRB benefits under the FTCA.

The FTCA provides that the United States shall be liable under the state tort law only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Therefore the question whether the United States is entitled to immunity under the MVRA depends on whether a private person in like circumstances would be entitled to claim such immunity. The "like circumstances" inquiry is designed to prevent state legislatures from using the United State's waiver of sovereign immunity under the FTCA as an occasion to "enrich their own citizens at the expense of the deepest pocket." *Carter v. United States*, 982 F.2d 1141, 1143 (7th Cir.1992).

It is well established that "the losses underlying basic reparations benefits claims are not compensable in a tort action and would not constitute any part of a judgment which might consequently be satisfied in such an action." *Ohio Casualty Ins. Co. v. Ruschell*, 834 S.W.2d 166 (Ky.1992) *citing Cingoranelli v. St. Paul Fire and Marine Ins.*, 658 P.2d 863, 869 (Col.1983). In *State Automobile Mutual Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805 (Ky.1991), the Su-

preme Court of Kentucky held that despite the provisions of K.R.S. 304.39–070(3), the right of the reparation obligor to subrogation is dependant upon the right of the injured person to recover such damage. *Id.* at 807. Because the insured in this case would have no right to recover basic reparation benefits from the tortfeasor under the Kentucky no-fault act, K.R.S. 304.39–060(2)(a), the reparations obligor has no right to recover damages not available to the injured person. Therefore, "the provision for subrogation against 'any person or organization other than a secured person' is not unlimited and does not allow for subrogation against any available entity except the secured person, but rather only against any person or entity the injured person could recover from." *Id.* at 807. Notwithstanding the pragmatic, persuasive and respectful dissent filed by Justice Liebson, the Court finds this opinion dispositive.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Kentucky Farm Bureau Mutual Insurance Company's motion to intervene as a Plaintiff in this action [Record No. 3] is **OVERRULED.**